UNITED FRIENDS OF AMERICA *v.* WALKER.

Opinion delivered February 20, 1928.

ACCORD AND SATISFACTION—ACCEPTANCE OF CHECK.—Acceptance by the beneficiaries of part payment in full settlement of a benefit certificate constituted an accord and satisfaction, precluding further recovery under the policy.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; reversed.

*Troy W. Lewis* and *Clayton Freeman,* for appellant.

*Frank Pittard,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment rendered in the circuit court of Pulaski County for $100 in favor of appellees against appellant on a graded insurance benefit certificate issued by appellant upon the life of Oliver Facen, in which appellees were the beneficiaries. The beneficiaries were the wife and three daughters of the insured. They were ignorant negroes, in the sense that none of them could read and write.

In addition to denying any liability under the certificate, appellant interposed the defense of accord and satisfaction, and, at the conclusion of the testimony in the trial court, moved for a peremptory instruction, which the trial court refused to give, over the objection and exception of appellant.

The record reflects that, at the time the certificate was issued to Oliver Facen, he was a member of Beth-

lehem Council No. 88, a subordinate lodge of appellant's, located at Scott, Arkansas. The certificate provided that, if Oliver Facen should die after the second year of his membership in the lodge, appellant would pay his wife and three daughters $150 if he was "financial" or "clear on the books" of appellant. At the time of the insured's death he had not paid his dues for September, 1925. According to the contract he had until September 20 to pay his dues, but he died on September 21 without having paid. A dispute arose between appellant and the beneficiaries as to whether appellant was liable for anything under the benefit certificate. Mattie Brewer, formerly Mattie Facen, with friends, went to see C. B. Pettaway, supreme commander of appellant, and demanded payment of the policy. Pettaway denied all liability, but finally agreed to pay $50 on surrender of the benefit certificate for cancellation to the grand lodge. She procured the certificate from her stepmother, and surrendered it in exchange for a check in the following words and figures:

"UNITED FRIENDS OF AMERICA

A 6740

"Little Rock, Arkansas, October 7, 1925.

"Indorsement of this check will be considered as full payment in settlement of policy of Oliver Facen $50.00.

"Pay to the order of Hannah, Mattie, Luella, and Ara Facen $50 fifty and no/100 dollars.

"To W. B. Worthen Company, Bankers, of Little Rock, Ark.

"M. R. Perry, Supreme Secretary.

"J. R. Currie, Supreme Treasurer.

"Countersigned: C. B. Pettaway, Supreme Commander."

Mattie received the check on the day of its date, and took it immediately to her sister, Ara Walker, and left it with her. That night Ara Walker's husband read the check to her, and advised her to cash the check, then sue appellant for the balance of the face of the certificate. The face of the certificate was for $250, but it was

a graded certificate, and if the insured had been clear on the books of appellant only $150 could have been recovered under the clause in the policy which allowed that amount in case of the death of the insured after the policy was two years old.

Ara Walker kept the check until October 26, 1925, at which time she cashed it at her grocer's, and kept $12.50 for herself, and gave $12.50 to each of the other beneficiaries. The following indorsement appears on the check: ''Hannah Facen, Mattie Facen, Ella Facen, Ara Facen,'' together with the name of F. M. Daley, who cashed the check. The check was then presented to and paid by the drawee, W. B. Worthen Company, and charged to the account of appellant.

The beneficiaries each testified that the check for $50 was a gift under a clause in the policy providing for a $50 burial payment in case the insured was clear on the books of appellant. There is no testimony in the record, however, tending to show that they were induced to accept the check as full payment in settlement of the policy through deception or fraud practiced upon them by any of appellant's agents. As appellees were not induced to accept the check through fraud, the acceptance and collection thereof with the following words on its face, ''Indorsement of this check will be considered full payment in settlement of policy of Oliver Facen,'' was an accord and satisfaction.

On these undisputed facts it was the duty of the trial court to instruct a verdict for appellant, and, on account of his refusal to do so, the judgment is reversed, and cause is dismissed.